UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARY SIMMONS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1907** |
| **MARLIN GUSMAN** | **SECTION "H"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Gary Simmons, a state pretrial detainee, filed this civil action against Orleans Parish Sheriff Marlin Gusman pursuant to 42 U.S.C. § 1983. In this lawsuit, plaintiff challenges the conditions of his confinement within the Orleans Parish Prison system.

To better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on October 15, 2014. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1]  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint[2] and fully considering his Spears hearing testimony, the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II. Plaintiff's Claims

In his complaint, plaintiff alleges: "Plaintiff doesn't receive the wright chemical to clean. Fungus and mildew get's worster. All inmate's live in the same facility."[3]  He further alleges:

> Being incarcerated at Orleans Parish Jail's for some time caused me to accept living in a filthy unconstitutional jail.  Being transferred facility to facility only allow's you to expose your health to more mildew, rust, net's, non mopped floor's, spider's and dirt mixed with mold under toilet's and in the shower as well.
> Almost everyone here tries to at least talk about it to superior's as if they keep us exposed to it all day.  Many inmate's here have to except it from not understanding their constitutional right's.  Those who don't know about it is under the influence that we are placed here for a start of being punished.[4]

At the Spears hearing, plaintiff testified that there is mold throughout the facility, the roof leaks, the toilet leaks, and the showers have no curtains and are "just disgusting." He conceded that inmates clean the tier and that cleaning supplies are provided, although those supplies are sometimes unavailable. He acknowledged that these unpleasant conditions have not caused him any physical injuries, and he explained that he sued Sheriff Gusman simply because he is the head of the jail.

---

[2]  The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3]  Rec. Doc. 1, p. 4.

[4]  Rec. Doc. 1, p. 9.

As a preliminary matter, the Court notes that plaintiff has not stated a proper claim against Sheriff Gusman, the sole defendant in this lawsuit, in either his official capacity or his individual capacity.

As to any claim against Gusman in his official capacity, it is clear that "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, any official-capacity claim against Gusman would in reality be a claim against the local governmental body itself. Picard v. Gusman, Civ. Action No. 12-1966, 2012 WL 6504772, at *4 (E.D. La. Nov. 26, 2012), adopted, 2012 WL 6504528 (E.D. La. Dec. 13, 2012); Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2-3 (E.D. La. Feb. 22, 2010). However, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which

5

allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his rights were violated as a result of a policy or custom, much less identify such a policy or custom. For that reason, it is clear that he has failed to state a proper claim against Gusman in his official capacity.

Plaintiff likewise has not stated a proper individual-capacity claim against Gusman. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In this lawsuit, plaintiff does not allege any personal involvement on the part of Gusman. Moreover, although Gusman is a supervisory official, it is clear that he may not be held liable pursuant to 42 U.S.C. § 1983 under any theory of strict liability[5] or vicarious liability.[6]

In any event, even if he had otherwise properly alleged a claim against Gusman, plaintiff's lawsuit would still be subject to dismissal for the following additional reasons.

---

[5] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[6] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." ); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

First, plaintiff's claims for compensatory damages are prohibited by federal law.  As noted, he testified at the Spears hearing that he had not sustained any physical injury as a result of the conditions he challenges in this lawsuit.  In light of that fact, he cannot recover compensatory damages for injuries which are mental or emotional in nature.  42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); see, e.g., Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001); see also Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005) ("We agree with the majority of the other federal circuits that have addressed this issue in holding that it is the nature of the relief sought, and not the underlying substantive violation, that controls:  Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury.").

Second, regardless of the nature of the relief plaintiff is seeking, the conditions about which he complains simply do not rise to the level of a constitutional violation.  It is, of course, clear that "the Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment."  Collins v. Ainsworth, 382 F.3d 529, 540 (5th Cir. 2004) (internal quotation marks omitted).  Nevertheless, the jurisprudence recognizes that the judiciary is ill equipped to micro-manage a jail's day-to-day operations, and federal courts are therefore loath to intervene when detainees complain of trivial inconveniences.  Further, such judicial restraint is appropriate because the federal constitution is not concerned with a *de minimis* level of imposition on pretrial detainees.  Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979); Ruiz v. El Paso Processing

Center, 299 Fed. App'x 369, 371 (5th Cir. 2008). For the following reasons, it is apparent that plaintiff's complaints concern nothing more than *de minimis* inconveniences which do not constitute "punishment" or otherwise rise to the level of constitutional violations.

For example, plaintiff alleges that various unsanitary conditions exist at the jail. Obviously, there is clearly a point beyond which a prison's conditions are so unsanitary as to render them unconstitutional. See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). That said, it must be remembered that, although prisons should be reasonably clean, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." McAllister v. Strain, Civ. Action No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009); accord Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions."). Therefore, the mere fact that fungus, mold, mildew, and rust are present does not warrant relief. See, e.g., Mitchell v. Jefferson Parish Correctional Center, Civ. Action No. 13-4963, 2013 WL 6002770, at *6 (E.D. La. Nov. 12, 2013); Sneeze v. Terrebonne Parish Sheriff's Office, Civ. Action No. 11-987, 2011 WL 2413464, at *3 (E.D. La. May 9, 2011), adopted, 2011 WL 2311867 (E.D. La. June 10, 2011); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); McCarty v. McGee, No. 2:06cv113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008) ("Plaintiff's claim that the shower he was forced to share with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation."). Likewise,

the mere presence of pests does not amount to a constitutional violation. See, e.g., Clark v. Gusman, Civ. Action No. 11-2673, 2012 WL 1825306, at *5 (E.D. La. Mar. 29, 2012), adopted, 2012 WL 1825302 (E.D. La. May 18, 2012); Murray v. Edwards County Sheriff's Department, 453 F. Supp. 2d 1280, 1292 (D. Kan. 2006), aff'd, 248 Fed. App'x 993 (10th Cir. 2007); Smith v. Barber, 316 F. Supp. 2d 992, 1028-29 (D. Kan. 2004).

Further, plaintiff notes that inmates regularly clean the prison (albeit not to his satisfaction). It is clear that "[p]rison officials can constitutionally require inmates to keep their cells, living space and clothing clean by providing, or by requiring non-indigent inmates to purchase, cleaning supplies." Colby v. Gusman, Civ. Action No. 10-1004, 2010 WL 5477681, at *13 (E.D. La. Nov. 23, 2010), adopted, 2010 WL 5475617 (E.D. La. Dec. 28, 2010); Davis v. Gusman, Civ. Action No. 09-7195, 2010 WL 1727825, at *21 (E.D. La. Apr. 13, 2010), adopted, 2010 WL 1727821 (E.D. La. Apr. 28, 2010). Although plaintiff complains about the type of cleaning products provided, "[p]risoners simply are not entitled to the cleaning supplies of their choice." Thomas v. Gusman, Civ. Action No. 11-1424, 2012 WL 607970, at *4 (E.D. La. Jan. 27, 2012), adopted, 2012 WL 607698 (E.D. La. Feb. 24, 2012); accord Tallmore v. Hebert, Civ. Action No. 07-1220, 2008 WL 2597939, at *3 (W.D. La. May 28, 2008) ("There is simply no constitutional requirement that any specific type of disinfectant be used by prison officials.") (adopted by Doherty, J., on June 26, 2008); Ellis v. Crowe, Civ. Action No. 09-3061, 2010 WL 724158, at * 16 (E.D. La. Feb. 19, 2010) (rejecting a prisoner's claim that the cleaning supplies provided were not "the right stuff").

Plaintiff also complains about plumbing problems and the leaky roof. However, the Constitution does not protect inmates from "life's occasional inconveniences" of this type. See

Holloway v. Gunnell, 685 F.2d 150, 156 (5th Cir. 1982). As a result, "[l]leaky toilets and puddles are unpleasant but not unconstitutional." Smith v. Melvin, No. 95-2531, 1996 WL 467658, at *2 (7th Cir. July 26, 1996); accord Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *9 (E.D. La. Mar. 8, 2010); Wilkerson v. Champagne, Civ. Action No. 03-1754, 2003 WL 22872106, at *3 (E.D. La. Nov. 28, 2003). The same is true of a leaky roof. See Davies v. Fuselier, No. 00-30554, 2001 WL 360709, at *3 (5th Cir. Mar. 15, 2001); McAllister v. Strain, Civ. Action No. 09-2824, 2009 WL 5088752 (E.D. La. Dec. 23, 2009).

Lastly, although plaintiff complains that there are no shower curtains, the lack of shower curtains obviously does not rise to the level of a constitutional deprivation. Due to the security concerns in a prison setting, conditions which subject inmates to constant surveillance, even in showers, are not inherently unconstitutional. Garrett v. Thaler, 560 Fed. App'x 375, 380-81 (5th Cir. 2014); Patin v. LeBlanc, Civ. Action No. 11-3071, 2012 WL 3109402, at *20 (E.D. La. May 18, 2012), adopted, 2012 WL 3109398 (E.D. La. July 31, 2012).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this tenth day of December, 2014.

                                                  **DANIEL E. KNOWLES, III**
                                                  **UNITED STATES MAGISTRATE JUDGE**

---

[7] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

11